Citation Nr: 1806319 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 10-37 160 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Waco, Texas


THE ISSUE

Entitlement to a rating in excess of 30 percent for chronic dermatitis of the bilateral hands and bilateral feet.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

C. D. Simpson, Counsel





INTRODUCTION

The Veteran served on active duty service from June 1975 to February 1981, and from August 1986 to June 1995.

This appeal to the Board of Veterans' Appeals (Board) arose from a February 2010 rating decision in which the RO continued the 30 percent rating assigned for chronic dermatitis of the bilateral hands and bilateral feet The Veteran filed a notice of disagreement (NOD) in March 2010 and the RO issued a statement of the case (SOC) in August 2010. The Veteran filed a substantive appeal (via a VA Form 9, Appeal to Board of Veterans' Appeals) in September 2010.
 
The Veteran requested a Board hearing in his September 2010 VA Form 9. The requested hearing was scheduled for a date February 2012. However, the Veteran, failed to report for the scheduled hearing. As the record does not reflect e that Veteran has either offered an explanation for his failure to report, or requested rescheduling of the hearing, his Board hearing request has been deemed withdrawn. See 38 C.F.R. § 20.704 (2017).

In March 2016, the Veteran changed representation from the Disabled American Veterans to the Texas Veterans Commission. The Board has recognized this change in representation. 

The Board remanded the claim on appeal in March 2014 and August 2017. 

While the Veteran previously had a paper claims file, this appeal is now being processed utilizing the paperless, electronic Veterans Benefits Management System (VBMS) and Virtual VA (Legacy Content Manager) claims processing systems. 

For reasons expressed below, the claim on appeal is, again, being remanded to the agency of original jurisdiction (AOJ). VA will notify the Veteran when further action, on his part, is required.


REMAND

Unfortunately, the Board finds that further action on the appeal is warranted, even though such will, regrettably, further delay an appellate decision on this matter.

Review of the record reveals that there are outstanding private medical records concerning ultraviolet B (UVB) phototherapy that may substantiate the claim for a higher r rating for, at least, a portion of the period under consideration by [appeal by showing systemic therapy on a constant or near-constant basis. See 38 C.F.R. § 4.118, Diagnostic Code 7806 (2017). The available private medical records from Dr. P report that the Veteran had UVB phototherapy approximately two to three times per week from February 2016 to March 2017 as part of treatment for service-connected dermatitis of the feet and hands. However, the actual records documenting the specific UVB phototherapy were not included. It is unclear from the available private medical records whether the prescribed UVB phototherapy targeted specifically the hands and feet as to be non-systemic or the entire body as to be systemic. Id.; Johnson v. Shulkin, 862 F.3d 1351 (Fed. Cir. 2017); see also Dorland's Illustrated Medical Dictionary, 1865 (32d ed. 2012) (defining "systemic" as "pertaining to or affecting the body as a whole").

Since VA is now aware of these highly relevant private medical records, the Veteran must be notified and given an opportunity to provide, or to provide appropriate authorization to enable VA to obtain the actual UVB phototherapy treatment records. See 38 C.F.R. § 3.159(e)(2) (2017).). In its letter, the AOJ should also give the Veteran another opportunity to provide pertinent additional information and/or evidence -specifically, with respect to any other private (non-VA) treatment, explaining that he has a full one-year period to respond. See 38 U.S.C. § 5103(b)(1) (2012); but see 38 U.S.C.A. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period)

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information and, if necessary, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2017).

Also, the claims file reflects that the most recent VA treatment records associated with the Veteran's claims file (found in the Legacy Content Manager file) are dated December 12, 2017 from the VA Medical Center (VAMC) in El Paso, Texas. On remand, the AOJ should obtain updated records of any relevant VA treatment of the Veteran. See 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159(c) (2017); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (holding that VA is charged with constructive notice of medical evidence in its possession).

The Board further finds that, after associating with the claims file all records and responses received, the AOJ should arrange for the Veteran to undergo further VA examination. The Veteran was last afforded a VA dermatology examination in January 2017. However, since the last examination, Dr. P's private medical records obtained in April 2017 indicate additional treatment in the form of UVB therapy. Consequently, the Board finds that the Veteran should be afforded another VA dermatology examination to obtain contemporaneous, pertinent information to assess the current nature and severity of his service-connected chronic dermatitis of the bilateral hand and bilateral foot. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994).

The Veteran is hereby notified that failure to report for the scheduled examination without good cause, may well result in denial of the increased rating claim. See 38 C.F.R. § 3.655(b) (2017). Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant and death of an immediate family member. If the Veteran fails to report to the scheduled examination, the AOJ should obtain and associate with the claims file copy(ies) of any correspondence referencing the date and time of the examination-preferably, any notice(s) of examination-sent to him by the pertinent medical facility

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). 38 U.S.C. §§ 5103, 5103A (2012); 38 C.F.R. § 3.159 (2017). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the claim on appeal. Adjudication of the claim should include consideration of whether staged rating of the disability-assignment of different ratings for distinct periods of time, based on the facts found-is appropriate.

Accordingly, this matter is hereby REMANDED for the following action:

1. Obtain from the El Paso VAMC all outstanding, pertinent records of VA evaluation and/or treatment of the Veteran, dated since December 12, 2017. Follow the procedures set forth in 38 C.F.R. § 3.159(c) with regards to requesting records from Federal facilities. All records and/or responses received should be associated with the claims file.

2. Send to the Veteran and his representative a letter requesting that the Veteran provide sufficient information and, if necessary, authorization, to obtain additional evidence pertinent to the claim on appeal that is not currently of record. 

Specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent private (non-VA) records, to particularly include those concerning UVB phototherapy treatment arranged through his private dermatologist (Dr. P), as well as from any other provider furnishing dermatology treatment. 

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

3. If the Veteran responds, assist him in obtaining any additional evidence identified, following the current procedures set forth in 38 C.F.R. § 3.159. All records/responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

4. After all records and/or responses received are associated with the claims file, arrange for the Veteran to undergo a VA dermatology examination, by an appropriate physician, for evaluation of his service-connected chronic dermatitis of the bilateral hands and bilateral feet.

The contents of the entire electronic claims file (in VBMS and Virtual VA (Legacy Content Manager), to include a complete copy of this REMAND, must be made available to the designated physician, and the examination report should reflect consideration of the Veteran's documented medical history and assertions. 

All indicated tests and studies should be accomplished (with all results made available to the requesting physician prior to the completion of his or her report), and all clinical findings should be reported in detail. 

The examiner should identify, and specify the nature, and extent, frequency, and severity (as appropriate), of all manifestations of the Veteran's service-connected skin disability.

The examiner should render specific clinical findings as to the percentage of the total area of the body affected by the service-connected disability, as well as the percentage of the exposed areas affected. If the examination must take place during an inactive stage of disability, separate percentages based on a review of the record and the Veteran's description of his symptoms during a period of exacerbation should be provided. 

The examiner should also indicate whether the Veteran's disability requires, or has required, treatment with systemic therapy, such as corticosteroids or other immunosuppressive drugs, and should identify the total duration of any such required treatment since approximately August 14, 2008. 

Furthermore, based on a review of all pertinent evidence and lay assertions, the examiner should also indicate whether, at any point pertinent to August 14, 2008, the Veteran's service-connected skin disability has increased in severity, and, if so, the approximate date(s) of any such change(s), the extent of severity of disability on each date (to include identification of the total duration of any required treatment with systemic therapy such as corticosteroids or other immunosuppressive drugs).

All examination findings/testing results, along with complete, clearly-stated rationale for the conclusions reached, must be provided.

5. If the Veteran fails to report to the scheduled examination, obtain and associate with the claims file copy(ies) of any correspondence referencing the date and time of the examination-preferably, any , any notice(s) of examination-sent to him by the pertinent medical facility.

6. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

7. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the claim on appeal.

f the Veteran fails, without good cause, to report to the scheduled examination, in adjudicating the increased rating claim, apply the provisions of 38 C.F.R. § 3.655 (b), as appropriate.

Otherwise, adjudicate the claim in light of all pertinent evidence (to particularly include that added to the VBMS and/or Virtual VA (Legacy Content Manager) file(s) since the last adjudication of the claim in December 2017), and all legal authority (to include consideration of whether staged rating of the skin disability is appropriate ).

8. If the full benefit sought on appeal remains denied, furnish to the Veteran and his representative a supplemental SOC that includes clear reasons and bases for all determinations, and afford them an appropriate time period for response.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefit requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012). 




_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the r appeal. 38 C.F.R. § 20.1100(b) (2017).